Robinson & Rylander, P.C.
Attorneys At Law
St. Philip's Plaza
4340 North Campbell, Suite 266
Tucson, Arizona 85718
Office (520) 299-4922 Fax (520 )299-1482

James L. Robinson, Jr.
PCB #48612 - Ariz. Bar #3184

Daniel J. Rylander
PCB #64969 - Ariz. Bar #15279

Attorneys for Debtors.

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In Re:

MARTIN J DAKUTIS
S.S.# xxx-xx-6226

SUSAN POTTER
SSN: xxx-xx-3887

Debtors/
Attorney for Debtors: Ross K. Meiners 26064

Date Filed: 10/28/2009

Case No: 4:09-bk-27452-JMM

**CHAPTER 13 PLAN AND APPLICATION FOR APPROVAL OF ATTORNEYS' COMPENSATION**

## DEBTORS' PLAN UNDER CHAPTER 13

**WARNING IF YOU ARE A CREDITOR YOUR RIGHTS MAY BE IMPAIRED BY THIS PLAN!**

This plan contains evidentiary matters which, if not controverted, may be accepted by the Court as true. Creditors cannot vote on this plan but may object to its confirmation pursuant to Bankruptcy Code §1324, and local rules. Absent any such objection, the Court may confirm this Plan and accept the valuation and allegations contained herein.

This plan provides for all Creditors, whether unsecured, secured, priority, nonpriority, scheduled, unscheduled, liquidated, dischargeable, known or unknown. However, only unsecured Creditors who **timely** file a Proof of Claim will receive payment under the Plan from the Trustee.

**THE DEBTORS PROPOSE THE FOLLOWING CHAPTER 13 PLAN:**

1. **PROPERTY AND INCOME SUBMITTED TO THE PLAN:** Debtors shall submit the following amounts of property and future income to the Trustee for distribution under the Plan:

    a. **Future earnings or income**: Debtors shall pay to the Trustee the sum of **Two Hundred Eighty Dollars ($280.00)** per month; on the **29th** day of the month, and the Debtor will remit the first payment to the Chapter 13 Trustee commencing **November 29, 2009.**

    Debtors are to make all of the Plan payments in the form of a cashier's check (not a money order) payable to the Office of the Chapter 13 Trustee and shall include this Bankruptcy Case Number on each cashier's check. In the alternative, payment may be made by court-ordered wage deduction. Payments shall be sent to **Dianne C. Kerns, Chapter 13 Trustee, P.O. Box 366, Memphis TN 38101-0366.**

    b. **Other Property**: None.

    c. If any other property is submitted to the Trustee for distribution to creditors or as administrative expenses, the value of such property shall be treated as an advance towards plan payments described in Section 1.a. above.

    d. **Adjustments To Property**: The current market value of Debtors' secured property and the proposed adjustments to secured creditors and the secured claims which are non-purchase money security interests to be avoided are set forth in the Debtors' Schedules.

2. **DURATION:** This Plan shall be for **Forty Eight (48)** months including any months that payments are made to the trustee prior to the confirmation of the Plan. If at any time before the end of this period all allowed claims are paid, the Plan shall terminate.

    With the exception of a hardship discharge as may be approved by the Court upon proper notice and hearing, in no event will the term of this plan be less than thirty-six (36) months, exclusive of any property recovered by the Chapter 13 Trustee, unless all allowed claims are paid in full, pursuant to 11 U.S.C. §1325(b)(1).

3. **CLASSIFICATION AND TREATMENT OF CLAIMS:** Claims shall be classified as set forth below and these claims shall be paid by the Trustee (quarterly if the Trustee so desires). Payments by the Chapter 13 Trustee shall only be made to those claimants who have timely filed a proof of claim, submitted a fee application or obtained an order from the Court for adequate protection payments.

a. **Administrative expenses**:

   i. **Trustee's fees and costs:** Pursuant to 28 U.S.C. §586(e)(1)(B) and §586(e)(2) the Chapter 13 Trustee shall receive an amount not to exceed ten percent (10%) of each payment received from Debtors for her fees and costs or as otherwise adjusted by the United States Attorney General.

   ii. **Application for Debtors' Attorney's fees:** Pursuant to General Orders 94 & 95, the attorney's fee in this case is to be a flat fee which is based upon the time expended in a typical Chapter 13 case with similar factual circumstances and include at least the following services:

   > Initial office conferences with Debtors, review Debtors' questionnaire concerning Debtors' assets and determine the true market values and whether or not assets are secured by liens and encumbrances, review Debtors' liabilities and categorize liabilities, assist Debtors in gathering the information for the Schedules, draft the Chapter 13 Petition and Plan, do a mathematical analysis, file petition and plan, appear at First Meeting of Creditors, telephone conferences with Debtors, opposing counsel and/or creditors, taxing agencies and the Chapter 13 Trustee, preparation of objections to proofs of claims and preparation of stipulated order confirming plan and such other activities as are contemplated with the typical Chapter 13 Petition and Plan.

   iii. In the event of contested matters Debtors' counsel may submit a fee application for his or her hourly rate of $250.00 an hour plus applicable paralegal rates of $95.00 an hour plus applicable out-of-pocket expenses.

   iv. The Debtors paid Robinson & Rylander, P.C., the sum of $3,500.00 at the time that the Debtors retained Robinson & Rylander, P.C., and Debtors' remaining unpaid attorney's fees in the amount of $1,250.00 shall be paid through the plan to Robinson & Rylander, P.C., prior to the payment of any claims listed hereafter. Debtors' counsel claims an assignment and lien upon the Debtors' plan payments held by the Chapter 13 Trustee.

   v. In the event that fees are earned in excess of these amounts set forth in paragraph 3. a. iv., Debtor's counsel may submit a fee application to the court.

   vi. This firm may obtain outside counsel to make a court appearance and additional professionals to analyze tax matters and/or perform such other analysis as may be necessary and prudent under the circumstances.

b. **Claims secured by real property which Debtors shall retain and pay**:

    i      The creditor **SELECT PORTFOLIO SERVICING, INC. Acct. no. 9062,** shall retain its security interest in the real property located at **6429 E. CALLE LUNA TUCSON, AZ 85710,** situated in Pima County, and described as **LOT 34, IN BLOCK 15, OF TERRA DEL SOL, A SUBDIVISION, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF PIMA COUNTY, ARIZONA, RECORDED IN BOOK 12 OF MAPS, PAGE 50,** hereafter called the "real property".

    ii      **Direct Payment of Regular Ongoing Mortgage Payments -** Regardless of any mortgage arrears being paid in this plan the Debtor shall make regular monthly mortgage payments which become due after the filing of the bankruptcy petition and remitted directly to **SELECT PORTFOLIO SERVICING, INC. Acct. no. 9062,** who shall accept the same when tendered by the Debtor.

    iii      No payment shall be deemed late and the agreement which is the basis for a claim shall not be deemed in default as a result of arrears treated by this Plan.

c. **Real Property Claim subject to removal by the filing of an adversary proceeding as required by the U.S. Bankruptcy Court as the value of the real property provides for no equity for the claim to attach to:**

    i      The creditor **NATION POINT LOAN SERVICES, acct. no. 8405, ( 2nd Deed of Trust)** holds a claim in the amount of approximately **$18,730.68** which is allegedly secured in the real property located at **6429 E. CALLE LUNA TUCSON, AZ 85710,** described more particularly as **LOT 34, IN BLOCK 15, OF TERRA DEL SOL, A SUBDIVISION, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF PIMA COUNTY, ARIZONA, RECORDED IN BOOK 12 OF MAPS, PAGE 50,** hereafter called the "real property".

    ii      The Debtors have obtained a written appraisal which indicates that the value of the real property is no more than **$130,000.00.** As the claim of the creditor **SELECT PORTFOLIO SERVICING, INC. Acct. no. 9062,** (1st **Deed of Trust),** which is senior to **NATION POINT LOAN SERVICES, acct. no. 8405, ( 2nd Deed of Trust)** is in the approximate amount of **$148,956.00,** there remains no equity for the lien of **NATION POINT LOAN SERVICES, acct. no. 8405, ( 2nd Deed of Trust)** to attach to.

    iii      The Debtors, by and through counsel undersigned, will be filing an adversary complaint against the non-judicial, consensual lien of the creditor **NATION POINT LOAN SERVICES, acct. no. 8405, ( 2nd Deed of Trust),** seeking the same relief, and will seek an order under from the U.S. Bankruptcy Court finding that the lien has no equity to attach to, and, as a result, the indebtedness owed to

**NATION POINT LOAN SERVICES, acct. no. 8405, ( 2nd Deed of Trust)** shall be paid as an **unsecured claim**, pro-rata with all such other unsecured claims. In the event that the claim of **NATION POINT LOAN SERVICES, acct. no. 8405, ( 2nd Deed of Trust) and any and all successors, assigns, and other purportedly real parties in interest** is subject to A.R.S. § 33-814(G), any unsecured claim filed will be subject to disallowance.  Any court order obtained pursuant to this process shall be recorded in the real property records of Pima County, Arizona.

**d.     Motor Vehicle Claims More Than 910 days old:**

   **i.     WACHOVIA DEALER SERVICES, Acct. no. 5960,** whose claim is more than **910 days old** at the date of the filing of the Debtors' Petition shall be paid the sum of **$6,565.00** for that certain **2006 HYUNDAI ELANTRA SDN GLS VIN KMHDN46D86U364653,** plus interest at the rate of **six percent (6%)** per annum and any remaining unpaid amounts shall be paid as an unsecured claim and any amounts remaining unpaid shall be discharged**.**

   **(1)**     The value of the property is the lesser of the value of the security or the debt balance, which is an amount equal to an amount that a willing seller and buyer would negotiate in an arms length transaction for the sale and purchase of this property (or as adjusted by the Court at any hearing), plus interest as stated below.

   **(2)**     **WACHOVIA DEALER SERVICES, Acct. no. 5960,** shall be paid adequate assurance payments of **$65.00** per month until the plan is confirmed pursuant to 11 U.S.C. §1326(a)(1)(C) and General Order 95, "Adequate Protection Payments", (b-e).  Payments for adequate assurance shall be disbursed by the Chapter 13 Trustee at the Trustee's discretion.

**e.     Secured Claims more than 365 days old:**

   **i.     CITIBANK/SEARS, Acct. no. 5132,**  whose claim is more than **365 days old** at the date of the filing of the Debtors' Petition shall be paid the sum of **$250.00** for that certain WASHING MACHINE plus interest at the rate of **six percent (6%)** per annum and any remaining unpaid amounts shall be paid as an unsecured claim and any amounts remaining unpaid shall be discharged**.**

   **(1)**     The value of the property is the lesser of the value of the security or the debt balance, which is an amount equal to an amount that a willing seller and buyer would negotiate in an arms length transaction for the sale and purchase of this property (or as adjusted by the Court at any hearing), plus interest as stated below.

        **(2)**    **CITIBANK/SEARS, Acct. no. 5132,** shall be paid adequate assurance payments of **$2.50** per month until the plan is confirmed pursuant to 11 U.S.C. §1326(a)(1)(C) and General Order 95, "Adequate Protection Payments", (b-e). Payments for adequate assurance shall be disbursed by the Chapter 13 Trustee at the Trustee's discretion.

**f.**   **Claims treated as unsecured claims:** Any claims not specifically set forth as secured claims in the above paragraphs are presumed to be unsecured claims and shall be treated as general unsecured claims. Any creditors, including but not limited to, Sears, Roebuck & Co., J.C. Penny's & Co., American Home Furnishings, Norwest, AVCO, American General, Orion Finance, Mercury Finance, Associates Finances, ABC Finance and/or Radio Shack and creditors falling into this category, claiming a security interest, shall serve a proof of claim, proof of its perfected security interest, and an Objection to the Plan upon Debtors' counsel not later than the time set forth **Order Re: Procedures For Confirmation of Plans, Amended or Modified Plans, Moratoriums and Dismissal** and in the **Notice of Commencement of Case and Deadline to File Objections**.

    **i.**   If no proof of claim, proof of perfected security interest and objection to plan is filed and served on Debtors' counsel within the time allowed herein, then and in that event, only the claims listed herein as secured claims shall be treated as secured claims.

    **ii.**   Claims paid as secured claims shall be paid in full prior to the commencement of payment on any claims listed thereafter.

    **iii.**   Upon payment of the above amounts the security interest shall be released to Debtors once the plan has been paid off and the discharge has been entered by the Court.

**g.**   **Secured Tax Claims and/or Priority Claims:** There are no known secured tax claims or priority tax claims.

    **i.**   **Priority Claims**: The following claims, as set forth below, shall be classified and paid as Priority claims:

        **(1)**   Taxes for which returns (if required) were due within three years before the commencement of this case.

        **(2)**   Taxes assessed within 240 days prior to the commencement of this case.

        **(3)**   Taxes not assessed before, but assessable after the commencement of this case.

      **(4)**    Taxes for which returns were not filed, or were filed late within two years before the commencement of this case.

      **(5)**    Taxes under fraudulent returns.

  **ii.**    With respect to pre-petition claims, prior to and upon confirmation, the automatic stay pursuant to 11 U.S.C. §365 will remain in full force and effect on all real and personal property of the Debtors until the discharge or dismissal of the case.

  **iii.**    Priority claims, if any shall later be filed, shall be paid in full prior to the commencement of payment on unsecured claims. The amounts set forth below shall be adjusted to reflect the actual amounts allowed by the Court, and any increases shall reduce the amount payable on the unsecured claims.

  **vi.**    The Debtors' initials indicate the correct status regarding filed or not filed income tax returns:

  /s/    /s/    We have to the best of our knowledge and belief filed all required federal and state income tax returns.

  ____  ____  We have not filed all required federal and state income tax returns and we are aware that these returns must be prepared and filed immediately or I risk that my Chapter 13 proceeding will be dismissed.

**h.**    **Student Loans:**

  **i.**    The claims of **NELNET, Account No. 9443,** in the amount of **$971.66** for an educational loan incurred by Debtors shall be paid outside of the plan and directly to said claimant on the same terms and conditions as currently in effect.

  **ii.**    The claims of **SALLIE MAE, Account No. 7190 and 9267,** in the amount of **$90,126.00** for an educational loan incurred by Debtors shall be paid outside of the plan and directly to said claimant on the same terms and conditions as currently in effect.

  **iii**    The claims of **WELLS FARGO ED FIN SVC, Account No. 4281,** in the amount of **$12,813.00** for an educational loan incurred by Debtors shall be paid outside of the plan and directly to said claimant on the same terms and conditions as currently in effect.

**i.**    **Unsecured Claims**: All other claims shall be classified as general unsecured claims along with any claims of security interest in property being avoided. Unsecured claims shall be paid the otherwise undistributed balance of payments under the Plan, **pro rata** and any unpaid amounts shall be discharged.

4. **ACCEPTANCE OF EXECUTORY CONTRACTS:** Pursuant to 11 U.S.C. §§365 and 1322(b)(7) and Bankruptcy Rule 9014 Debtors herein elect to assume the following executory contracts.

   **i.** The Debtors accept that certain online medical class payable to BLACKSTONE CAREER INSTITUTE.

   **ii.** The Debtors accept that certain pest control contract payable to PHOENIX TERMITE CONTROL.

5. **OBJECTIONS**: Pursuant to the **Notice Of Date To File Objections To Plan**, a copy of which is included with this plan, an objection to the confirmation of a plan shall be made within the dates set forth in said Notice of Date To File Objections To Plan. Objections shall be in writing and a copy of the objection shall be served by the objector upon the Chapter 13 Trustee and Debtors' counsel. The objector shall indicate on the pleading the parties served and the date and method of service.

6. **PROOFS OF CLAIM:**

   **i.** All unsecured claimants must file proofs of claim by the claim's deadline in order to be paid the amounts provided for in the plan. If you do not file your proof of claim by the deadline date you will not receive anything <u>even if</u> the Plan provides for payment to you and your claim will be discharged and forever barred.

   **ii.** If you are a secured creditor you will be paid per the plan.

   **iii.** Priority claimants must file proofs of claim or their claim will forever be discharged and barred.

   **iv.** If you intend to file a proof of claim the deadline for filing proofs of claim is set forth in the **Notice Of Commencement Case Under Chapter 13 Of The Bankruptcy Code, Meeting Of Creditors, And Fixing Of Dates**, a copy of which was included with this Plan, Pursuant to **Uniform Local Rule 13010 you must serve a copy of the claim on the Debtors, Debtors' attorney and the Chapter 13 Trustee**.

   **v.** If there is a dispute between a claimant and a Debtor, the terms and conditions of the plan and any stipulated order confirming the plan shall control and be binding on the parties

7. **EFFECTIVE DATE AND VESTING:** The effective date of the Plan shall be the date of the order confirming the Plan. Property of the estate shall vest in the Debtors upon confirmation, including any income tax refunds, except to the extent that any taxing agency has a right of set off. The Debtors may use the property in any manner. Debtors shall seek a Court order prior to buying or selling any property. With respect to pre-petition claims, upon the Confirmation of the Plan, the automatic stay provided for by 11 U.S.C. Section 365 shall remain in full force and effect.

8. **OTHER PROVISIONS OF THIS PLAN:**

    **i.** The trustee may dismiss this Plan if Debtors incur post-petition debts without the written permission of the trustee.

    **ii.** The trustee shall have the power to waive, in writing and upon such terms as the trustee may impose and on such conditions as the trustee deems proper, any default in Debtors' payments to the Trustee under this Plan.

9. **PLAN ANALYSIS:** Attached hereto and incorporated herein is a Chapter 13 plan summary report (plan analysis) which indicates the proceeds to be received and distributed under the plan and the categories and amounts of such distributions.

10. The Debtors herein acknowledge and state that they have read the foregoing Plan and approve its contents and reasonable likelihood of success. The Debtors further acknowledge that they:

    | | | |
    |---|---|---|
    | /s/ | /s/ | Understand that if they are self employed that they must submit monthly business profit and loss statements to the Chapter 13 Trustee. |
    | /s/ | /s/ | Are aware that they must pay all mortgage payments on time and if they fail to do so the mortgage company can retake their residence. |
    | /s/ | /s/ | Understand in order to be able to prove that they have made their payments <u>they must pay</u> their trustee payments and mortgage payments with a <u>cashier's check</u> (not a money order). |
    | /s/ | /s/ | Understand that they must obtain the permission of the Court to buy, sell, or refinance our home and that this requires a special motion, court hearing, and order and notice of all of the creditors and depending upon their attorneys' case load and the case load of the bankruptcy court that may take up to 90 days. |
    | /s/ | /s/ | They are aware that we must obtain permission of the Chapter 13 Trustee to purchase any vehicles and depending upon their attorneys' case load and the case load of the Chapter 13 Trustee that it may take up to 120 days. They are aware that it may be impossible to obtain permission to purchase any vehicles, or obtain financing to purchase any vehicles. |

   /s/         /s/         They are aware that they have to keep their attorneys promptly advised of all changes of address including up and until one year after they receive their discharge.

Plan Date: _____

 /s/Daniel J Rylander 64969
**Daniel J. Rylander #64969**
**ROBINSON & RYLANDER, P.C.**
**Attorneys for Debtors**
**4340 North Campbell, Suite 266**
**Tucson, Arizona 85718**
**(520) 299-4922**

**APPROVED AS TO FORM AND CONTENT:**

/s/
MARTIN J DAKUTIS, Debtor

/s/
SUSAN POTTER, Debtor

LOCAL SAMPLE FORM 13-2. PLAN ANALYSIS

Debtor(s): **MARTIN J DAKUTIS**
**SUSAN POTTER**   Case No.: **4:09-bk-27452**

Prior:   Chapter 7 ( )   Chapter 13 ( )   Date: **October 28, 2009**

## TOTAL DEBT AND ADMINISTRATE EXPENSES
## PROVIDED FOR BY THE PLAN

| | | |
|---|---|---:|
| A. | DEBTOR'S UNPAID ATTORNEY FEES | $ **1,250.00** |
| B. | PRIORITY CLAIMS | $ **0.00** |
| | 1. Taxes | $ **0.00** |
| | 2. Other | $ **0.00** |
| C. | PAYMENTS TO CURE DEFAULTS | $ **0.00** |
| D. | PAYMENTS ON SECURED CLAIMS | $ **7,538.66** |
| E. | PAYMENTS ON OTHER CLASS | $ **0.00** |
| F. | PAYMENTS ON GENERAL UNSECURED CLAIMS | $ **3,307.34** |
| G. | SUB-TOTAL | $ **12,096.00** |
| H. | TRUSTEE'S COMPENSATION ( **10** % of debtor's payments) | $ **1,344.00** |
| I. | TOTAL AMOUNT OF PLAN PAYMENTS | $ **13,440.00** |

## RECONCILIATION WITH CHAPTER 7

| | | |
|---|---|---:|
| J. | INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED | |
| | 1. Value of debtor's interest in nonexempt property | $ **3,730.00** |
| | 2. Value of property recoverable under avoiding powers | $ **0.00** |
| | 3. Less: Estimated Chapter 7 administrative expenses | $ **1,231.00** |
| | 4. Less: Priority claims | $ **0.00** |
| K. | EQUALS ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS UNDER CHAPTER 7 | $ **2,499.00** |
| L. | ESTIMATED DIVIDEND UNDER PLAN | $ **3,307.34** |

IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THIS PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED, CONTROL.